UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA EPES,<br><br>        Plaintiff,<br><br>    v.<br><br>CURTIS SIDDEN,<br><br>        Defendant. | Case No. 21-cv-07716-EMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**<br><br>Docket No. 35 |

    Plaintiff Cynthia L. Epes ("Plaintiff") filed suit against Defendant Curtis Sidden, CEO of American Credit Acceptance Company ("Defendant") for breach of contract and common counts. On January 12, 2022, the Court granted Defendant's motion to dismiss for lack of personal jurisdiction or, alternatively, motion to compel arbitration. Docket No. 31. Plaintiff now seeks leave to proceed *in forma pauperis* on appeal to the Ninth Circuit.

    To proceed *in forma pauperis* on appeal, the motion must state "the nature of the action, defense or appeal and affiant's belief that he is entitled to redress." 28 U.S.C. § 1915(a); *see also* Fed. R. App. P. 24(a)(1) ("The party must attach an affidavit that: (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal."). Furthermore, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." *Id.* An appeal is in good faith where it seeks review of any issue that is nonfrivolous. *Hooker v. American Airlines*, 302 F. 3d 1091, 1092 (9th Cir. 2002). An issue is frivolous if it has "no arguable basis in fact or law." *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990).

1    Although Plaintiff shows indigency, Plaintiff fails to identify any issue intended for appeal.
2    Page 1 of Form 4 directs Plaintiff to state any issues for the appeal, which Plaintiff has left blank.
3    Because Plaintiff has not articulated any basis as to how this Court erred, the Court finds that his
4    appeal has no arguable basis in fact or law and is thus frivolous.

5    Moreover, Plaintiff's Amended Complaint was dismissed because Plaintiff failed to meet
6    her initial *prima facie* burden to establish personal jurisdiction.  *See* Docket No. 31.  The
7    Amended Complaint contained no fact that would establish personal jurisdiction over Defendant,
8    and Plaintiff did not file an opposition within the timeframe provided for by the Civil Local Rules.
9    *See* Docket No. 16.  When the Court ordered Plaintiff to show cause and respond to Defendant's
10   motion, Plaintiff offered a single sentence in response to the personal jurisdiction issue: "This
11   Court has personal jurisdiction over the Defendant[.]"  Docket No. 16, 28.  Thereafter, Plaintiff
12   was granted an extension to address her case after reaching out to an attorney but again failed to
13   file any brief.  Docket No. 29–30.  Therefore, even considering this issue, it is frivolous as it lacks
14   any arguable basis in fact or law.

15   Accordingly, the Court **DENIES** Plaintiff's motion for leave to proceed *in forma pauperis*
16   on appeal.  This order disposes of Docket No. 35.

17   Pursuant to Federal Rule of Appellate Procedure 24(a)(4), the Court orders the Clerk of the
18   Court to immediately notify the parties and the Ninth Circuit of this order.

20   **IT IS SO ORDERED**.

22   Dated: February 23, 2022

_____
EDWARD M. CHEN
United States District Judge

2